# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
March 12, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**CHARLES CONNORS,**
**Claimant Below, Petitioner**

**vs.)    No. 12-1232** (BOR Appeal No. 2047123)
                         (Claim No. 2012003377)

**GMS MINE REPAIR &**
**MAINTENANCE, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Charles Connors, by William Gallagher, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. GMS Mine Repair & Maintenance, Inc., by Sean Harter, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated September 21, 2012, in which the Board affirmed a March 22, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's July 28, 2011, decision which rejected the claim. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Connors, a coal miner, alleges he sustained an injury to his left hip in the course of his employment when he caught his foot on a mantrip on June 13, 2011. He testified in a deposition on October 7, 2011, that he finished his shift that day and worked the following day as well. Two days after the injury, he began experiencing increasing pain in his left hip, so he sought treatment. The history of illness form filled out on June 15, 2011, indicates that the pain began three weeks prior. Vic Wood, D.O.,'s treatment note from June 15, 2011, stated that Mr. Connors twisted his hip several days before and that he had been experiencing increasing pain

1

since. The following day, June 16, 2011, Mr. Connors was terminated from his employment. The report of occupational injury was filled out on July 21, 2011. It shows that the employer questioned the injury. The claims administrator rejected the claim on July 28, 2011.

The Office of Judges affirmed the claims administrator's decision in its March 22, 2012, Order. Mr. Connors failed to report his injury until forty days after it supposedly occurred. The report indicates the injury happened at nine o'clock in the morning, but Mr. Connors's shift did not begin until ten o'clock in the morning. On the claim application, the physician stated that there was no specific date of injury and noted the injury as "possible hip". Additionally, Mr. Connors was terminated from his employment prior to filing the claim. The Office of Judges found that West Virginia Code § 23-4-1c (2009) provides that the claims administrator shall consider whether the claimant received notice within sixty days of filing a claim that his or her employment position was to be eliminated. Additionally, under West Virginia Code § 23-4-15(a) (2010), the claimant has six months in which to file a claim, however prompt reporting is still essential. The Office of Judges concluded that the passage of time in this case weighed against Mr. Connors. It determined that he rode a mantrip with one of his supervisors the morning of the alleged injury. He failed to mention the injury to his supervisor at that time. He also communicated with two supervisors the day after the alleged injury and again failed to mention that he was injured in the course of his employment.

Medical reports from shortly after the accident do not mention a work-related injury, and Mr. Connors's treating physician expressed concern regarding the validity of the claim. Stephen Keding, D.C.'s patient history of June 15, 2011, states that Mr. Connors's hip pain began three weeks prior to that visit which the Office of Judges determined reflects an injury date prior to June 13, 2011. The Office of Judges also determined that Mr. Connors was not on duty at the time of his alleged injury. It was found that there were other deficiencies raised in the claims administrator's decision; however, it was unnecessary to address them, because the claim was properly denied on other grounds. It was noted that the report of injury was not in the record and could not be judged on its face. The Office of Judges held that the claim was filed untimely and suspiciously after Mr. Connors's termination. None of the medical records supported the assertion that Mr. Connors sustained a work-related injury. The Office of Judges ultimately determined that he failed to meet his burden of proof to establish he was injured in the course of his employment.

The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order in its September 21, 2012, decision. This Court agrees with the reasoning and conclusions of the Board of Review. Mr. Connors did not report his alleged work-related injury until over a month after it supposedly occurred. The record is inconsistent regarding when his left hip symptoms actually began. Additionally, he was not on duty at the time of the alleged injury.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: March 12, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II